## SETH DEWING *vs.* ADOLPHUS DURANT.

After a levy of an execution upon an equity of redemption in real estate by sale in a manner not authorized by law, the judgment creditor may obtain a new execution by *scire facias*, under Rev. Sts. c. 73, § 21.

SCIRE FACIAS, sued out on the 21st of December 1855, to revive a judgment obtained by the plaintiff, and Joseph Foster, since deceased, against the defendant, and to obtain an alias execution thereon. The parties submitted the case to the judgment of the court upon the following facts:

One execution, issued upon the judgment, was levied upon land the title to which stood upon the records in the name of the defendant's wife and of George Cutter, and which was then under mortgage; and the right in equity of redeeming the land from that mortgage was sold by auction on the execution, and purchased by Foster, who within a year thereafter brought a writ of entry against Adolphus Durant, his wife and George Cutter, to recover the land, upon the ground that the conveyances of land to Mrs. Durant and to Cutter were fraudulent

3 *

and void as against Durant's creditors, having been made with
the design and for the purpose of fraudulently securing it from
attachment, and for the purpose of delaying and defrauding his
creditors, and that the demandant was therefore entitled to re-
cover the land, under the provisions of *St.* 1844, *c.* 107. But
this court, as appears by the report of *Foster* v. *Durant*, 2 Gray,
538, held that the demandant could not recover, because the
execution had been levied by sale of the equity, and not by
appraisement and setting off on execution; and on the 20th of
June 1855 entered judgment for the tenants.

*J. W. Perry*, for the plaintiff.

*N. W. Harmon*, for the defendant. The plaintiff cannot main-
tain this suit. 1st. Because from the facts agreed it appears
that the execution has been paid in full to the judgment credit-
ors, and they could not, after the sale on execution, be interested
as such judgment creditors in the amount which one of them
might realize, as purchaser, out of his purchase. 2d. Because
§ 21 of *c.* 73 of the Rev. Sts. giving the judgment creditor this
remedy of *scire facias*, "if, after the execution is returned or
recorded, it shall appear that the estate levied upon was not the
property of the debtor, or not liable to be seized on the execu-
tion, or that it cannot be held thereby," does not apply to a levy
by seizure and sale of an equity of redemption, but only to a
taking and setting off by metes and bounds. And there is no
decision contrary to this position; for in *Perry* v. *Perry*, 2 Gray,
326, the only point decided was that an action of contract would
not lie on the judgment, when the previous levy was utterly
void.

METCALF, J. The court cannot perceive any distinction,
which will avail the defendant, between this case and that of
*Perry* v. *Perry*, 2 Gray, 326. If there is any distinction between
the two cases, the present case is the strongest for the plaintiff
For, as was decided in *Foster* v. *Durant*, 2 Gray, 538, the pro-
ceedings under the original execution were utterly void. There
was, in law, no levy at all on the equity of redemption which
the officer undertook to sell and convey to Foster. Whereas, in
*Perry* v. *Perry*, the mode of levy was right, and the execution

would have been actually satisfied, if the equity of redemption which was levied on and sold, had belonged to the execution debtor.

It is contended for the defendant, that the only adjudged point, in *Perry* v. *Perry*, was, that an action of contract on the judgment would not lie in such a case ; and that the question, whether *scire facias* could be maintained, is still open. But the court there decided, (after an argument, which was the same, in substance, as that which has now been presented to us,) that debt would not lie on the judgment, *for the reason* that no common law remedy, in the case, existed in this commonwealth, nor any statute remedy besides that given by the Rev. Sts. *c.* 73, which was the remedy by *scire facias.* And we see no reason for changing the opinion then formed and announced.

*Alias execution awarded.*